## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN

FRICKER'S PROGRESSIVE
CONCEPTS, INC., d/b/a FRICKER'S

Case No.:

        Plaintiff,

Judge:

FRICK INVESTMENTS, LLC d/b/a
FRICK'N GOOD COOKIES

        Defendant.

Jared J. Lefevre, Esq. (P74615)
Carrie A. Johnson, Esq.
EASTMAN & SMITH, LTD.
One SeaGate, 27th Floor
Toledo, Ohio 43604
(419) 241-6000
jjlefevre@eastmansmith.com
cajohnson@eastmansmith.com

*Attorneys for Plaintiff Fricker's
Progressive Concepts, Inc.*

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Fricker's Progressive Concepts, Inc. ("Fricker's"), seeks injunctive and monetary relief against Defendant Frick Investments, LLC d/b/a Frick'n Good Cookies ("Frick'n Good Cookies" or "Defendant") from its infringement of Fricker's well-known mark FRICKIN'® mark for food, restaurant services and related goods and services. Defendant uses and is seeking federal registration of the mark FRICK'N GOOD COOKIES on cookies. Fricker's has been compelled to

bring this action because it objected to Defendant's conduct, but Defendant refused to cease use of the mark FRICK'N GOOD COOKIES or to forgo efforts to federally register the mark on cookies. Defendant's infringement is willful and is expanding – it now sells cookies in retail stores, farmer's markets, and in other retail outlets. Defendant's misconduct violates the federal Lanham Act, 15 U.S.C. § 1051 *et seq.* and related laws of the State of Michigan for trademark infringement, deceptive trade practices, unfair competition, and unjust enrichment.

## THE PARTIES

1.  Plaintiff Fricker's Progressive Concepts, Inc. is an Ohio corporation with a principal place of business at 228 Byers Road Suite 101 Miamisburg, Ohio 45342. Fricker's has used its FRICKIN'® mark in connection with food and beverages offered at its restaurant franchise since at least 1992.

2.  Upon information and belief, Defendant Frick Investments, LLC is a Michigan limited liability company doing business as Frick'n Good Cookies, with its principal place of business at 22020 Woodward Ave., Ferndale, Michigan 48220.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. Supplemental jurisdiction over the state law claims asserted is pursuant to 28 U.S.C. §1367.

4.  Defendant is subject to this Court's personal jurisdiction because it

transacts and does business within the State of Michigan and this District and is committing the tortious acts specified herein within the State of Michigan and this District, which have caused and will cause injury to Fricker's.

5. Venue is proper under 28 U.S.C. §§ 1391(b)(1), 1391(b)(2) and 1391(c).

## FACTUAL ALLEGATIONS

### A. Fricker's and its Federally Registered FRICKIN' Marks

6. Since 1985, Fricker's has operated family restaurants and sports bars. To date, the Fricker's franchise has 24 restaurants in Michigan, Ohio, and Indiana, including a Fricker's restaurant in Adrian, Michigan. Fricker's enjoys success and growth as a result of the company's dedication to excellence and promotion and protection of its valuable trademarks.

7. Fricker's uses numerous trademarks in advertising, promoting, and selling its food, beverages, and restaurant services. Among these is its FRICKIN'® mark, which has been used since at least as early as 1992 in multiple food and beverage contexts, including Fricker's well known FRICKIN' CHICKEN® wings, FRICKIN' Funnel Fries and dessert items including FRICKIN' Churro Bites and FRICKIN' Monkey Bites.

8. Fricker's is also the owner of registered and common law rights to the FRICKIN'® mark in connection with food, beverages, and restaurant services

(collectively, "FRICKIN' Marks"). Representative examples of Fricker's U.S.

FRICKIN' Marks are shown below:

| Mark Reg. No. App. No. | Status/Key Dates | Full Goods/Services |
|---|---|---|
| FRICKIN'<br><br>Reg. No.: 2156001<br>App. No.: 75043945 | Int'l Class: 42<br>First Use: 1992<br>Filed: Jan. 16, 1996<br>Registered: May 12, 1998 | (Int'l Class: 42)<br>restaurant services |
| FRICKIN'<br><br>Reg. No.: 5999387<br>App. No.: 85532746 | Int'l Class: 43<br>First Use: 1992<br>Filed: Feb. 2, 2012<br>Registered: Mar. 3, 2020 | (Int'l Class: 43)<br>restaurant and bar services |
| FRICKIN'<br><br>App. No.: 97914868 | Int'l Class: 30<br>First Use: 2009<br>Filed: May 1, 2023 | (Int'l Class: 30)<br>Bakery goods and dessert items, namely, churros, cake, cinnamon bread, funnel fries, and pie for consumption on or off the premises |
| FRICKIN'<br><br>Reg. No.: 3182929<br>App. No.: 78654261 | Int'l Class: 29<br>First Use: 2003<br>Int'l Class: 30<br>First Use: April, 1992<br>Filed: Jun. 20, 2005<br>Registered: Dec. 12, 2006 | (Int'l Class: 29)<br>chicken wings; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of entrees, side dishes and appetizers consisting primarily of poultry and meat; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of chicken salads |

7165898.1

| Mark<br>Reg. No.<br>App. No. | Status/Key Dates | Full Goods/Services |
|---|---|---|
| | | (Int'l Class: 30)<br>sauces; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of entrees and side dishes consisting primarily of pasta or pasta salad; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of sandwiches and chicken sandwiches |
| FRICKIN'<br><br>Reg. No.:<br>5497986<br>App. No.:<br>77681549 | Int'l Class: 32<br>First Use: 1996<br>Filed: Mar. 2, 2009<br>Registered: Jun. 19, 2018 | (Int'l Class: 32)<br>Beer |
| FRICKIN'<br><br>Reg. No.:<br>4109449<br>App. No.:<br>78750978 | Int'l Class: 25<br>First Use: 1992<br>Filed: Nov. 10, 2005<br>Registered: Mar. 6, 2012 | (Int'l Class: 25)<br>Clothing, namely, t-shirts and sweatshirts |
| FRICKIN'<br>CHICKEN<br><br>Reg. No.:<br>4608648<br>App. No.:<br>86132977 | Int'l Class: 29,30<br>First Use: Dec. 31, 2003<br>Filed: Dec. 2, 2013<br>Registered: Sept. 23, 2014 | (Int'l Class: 29)<br>prepared food for consumption on and off the premises in the nature of restaurant menu items, namely, chicken wings, chicken chunks, chicken salad, and dips for chicken wings and chicken chunks |

7165898.1

| Mark Reg. No. App. No. | Status/Key Dates | Full Goods/Services |
|---|---|---|
| | | (Int'l Class: 30) prepared food for consumption on and off the premises in the nature of restaurant menu items, namely, chicken sandwiches, wraps, nachos, quesadillas, pizza |
| FRICKIN' CHICKEN<br><br>Reg. No.: 1826515<br>App. No.: 74377656 | Int'l Class: 30<br>First Use: Apr. 1992<br>Filed: Apr. 12, 1993<br>Registered: Mar. 15, 1994 | (Int'l Class: 30) chicken sandwiches for consumption on or off the premises |
| FRICKIN' CHICKEN SLIDERS<br><br>Reg. No.: 3772455<br>App. No.: 77493324 | Int'l Class: 30<br>First Use: Aug., 2008<br>Filed: Jun. 6, 2008<br>Registered: Apr. 6, 2010 | (Int'l Class: 30) restaurant menu items, namely, chicken sandwiches for consumption on or off the premises |
| FRICKIN' DIPPIN' SAUCES<br><br>Reg. No.: 3038178<br>App. No.: 76515965 | Int'l Class: 30<br>First Use: 2004<br>Filed: May 21, 2003<br>Registered: Jan. 3, 2006 | (Int'l Class: 30) sauces |
| FRICKIN' KICKER<br><br>Reg. No.: 3747089 | Int'l Class: 29,30<br>First Use: Mar. 23, 2004<br>Filed: Jan. 7, 2003<br>Registered: Feb. 9, 2010 | (Int'l Class: 29) chicken wings; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of |

Page 6

| Mark<br>Reg. No.<br>App. No. | Status/Key Dates | Full Goods/Services |
|---|---|---|
| App. No.:<br>76480636 | | entrees, side dishes and appetizers consisting primarily of poultry, or meat<br>(Int'l Class: 30)<br>sauces; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of prepared food for consumption on and off the premises, namely, sandwiches and chicken sandwiches |
| FRICKIN' KILLER<br>Reg. No.:<br>2977151<br>App. No.:<br>76480699 | Int'l Class: 29,30<br>First Use: Mar. 23, 2004<br>Filed: Jan. 7, 2003<br>Registered: Jul. 26, 2005 | (Int'l Class: 29)<br>chicken wings; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of entrees, side dishes and appetizers consisting primarily of poultry and meat; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of chicken salads<br>(Int'l Class: 30)<br>sauces; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of consisting primarily of pasta or pasta salad; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature |

7165898.1

| Mark<br>Reg. No.<br>App. No. | Status/Key Dates | Full Goods/Services |
|---|---|---|
| | | sandwiches and chicken sandwiches |
| FRICKIN LICKIN LICIOUS<br>Reg. No.: 3344603<br>App. No.: 76472512 | Int'l Class: 29<br>First Use: Jun., 2006<br>Filed: Dec. 5, 2002<br>Registered: Nov. 27, 2007 | (Int'l Class: 29)<br>prepared food, namely, restaurant menu items for consumption on and off the premises, namely, meat |
| FRICKIN' LITTLE KICKER<br><br>Reg. No.: 3531359<br>App. No.: 76480635 | Int'l Class: 29,30<br>First Use: Mar. 23, 2004<br>Filed: Jan. 7, 2003<br>Registered: Nov. 11, 2008 | (Int'l Class: 29)<br>chicken wings; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of entrees, side dishes and appetizers consisting primarily of poultry and meat<br>(Int'l Class: 30)<br>sauces; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature sandwiches and chicken sandwiches |
| FRICKIN' X-SCREAM<br><br>Reg. No.: 3182928<br>App. No.: 78654200 | Int'l Class: 30<br>First Use: Mar. 1, 2005<br>Filed: Jun. 20, 2005<br>Registered: Dec. 12, 2006 | (Int'l Class: 30)<br>sauces |
| PARKMOOR DIXIE GOLDEN | Int'l Class: 29<br>First Use: Jul. 19, 2010<br>Filed: Jun. 11, 2009 | (Int'l Class: 29)<br>menu items, namely, chicken, for |

Page 8

7165898.1

| Mark Reg. No. App. No. | Status/Key Dates | Full Goods/Services |
|---|---|---|
| FRICKIN' FRIED CHICKEN<br><br>Reg. No.: 3865365<br>App. No.: 77757347 | Registered: Oct. 19, 2010 | consumption on or off the premises |
| RAY'S BIG FRICKIN' FRIED BOLOGNA 'N CHEESE SANDWICH<br><br>Reg. No.: 5889405<br>App. No.: 88338517 | Int'l Class: 30<br>First Use: April, 2019<br>Filed: Mar. 13, 2019<br>Registered: Oct. 22, 2019 | (Int'l Class: 30)<br>prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of sandwiches |
| DIXIE PARKMOOR GOLDEN FRICKIN' FRIED CHICKEN<br><br>Reg. No.: 3865366<br>App. No.: 77757348 | Int'l Class: 29<br>First Use: Jul. 19, 2010<br>Filed: Jun. 11, 2009<br>Registered: Oct. 19, 2010 | (Int'l Class: 29)<br>Menu items, namely, chicken, for consumption on or off the premises |

9.     Fricker's registrations identified in the chart above are valid and subsisting, and constitute prima facie evidence of the validity thereof and of

7165898.1

Fricker's ownership and exclusive right to use the FRICKIN' Marks, and are constructive notice of Fricker's ownership thereof, all as provided by §§ 7(b) and 22 of the Federal Trademark Act of 1946, as amended. Additionally, many of these registrations are incontestable under 15 U.S.C. § 1065 and are therefore conclusive evidence of the validity of the registered marks, of Fricker's ownership of the marks and of Fricker's exclusive right to use the marks with the covered goods and services.

10.     Among other goods and services, the FRICKIN'® is used in connection with the sale of desserts, for consumption on or off Fricker's premise.

11.     Food, beverages, and desserts can also be ordered for pickup or delivery online via Fricker's website, as shown below:



12.     Fricker's also sells bottled sauces and other gift items on its website, as shown below:

7165898.1



**Fricker's Sauce**

From our ever popular BBQ sauce to our drop dead Killer, we have the sauce for you. Our sauces are the perfect compliment to every meal. Pick up your bottle today and remember they make great gifts as well!



**Fricker's 16oz Beer Glass**

Perfect size for 16 ounces of beer just like in our restaurants! Single glass with the Fricker's logo. Pick up your glass up today and remember they make great gifts as well!



**Traditional Gift Card**

Available in any denomination and delivered within 5-6 business days. Can be shipped to you or the gift recipient.



**Really Big Frickin' Beer Glass**

Perfect size for 22 ounces of beer just like in our restaurants! Single glass with the Fricker's logo. Pick up your glass up today and remember they make great gifts as well!

13.     Fricker's markets and advertises its FRICKIN'® goods and services online including via its website at www.frickers.com, Instagram and Facebook.

14.     As a result of Fricker's long and continuous use of the FRICKIN' Marks and its substantial and significant investment in advertising and promoting goods and services under the FRICKIN' Marks, the FRICKIN' Marks have become well-known as uniquely associated with Fricker's and an indication of origin.

7165898.1

**B.      Defendant's Unlawful Conduct**

15.      On information and belief, Defendant was formed as a limited liability company in the State of Michigan on October 5, 2020.

16.      In the Fall of 2022, Fricker's learned Defendant uses the trade name and trademark FRICK'N GOOD COOKIES in connection with the sale of cookies.

17.      Upon investigation, Fricker's discovered Defendant filed a federal registration application in the U.S. Patent and Trademark Office ("USPTO") seeking registration of the mark, with details shown below:

| Mark Reg. No. App. No. | Status/Key Dates | Full Goods/Services |
|---|---|---|
| FRICK'N GOOD COOKIES<br><br>App. No.: 97253687 ("the '687 Application") | Int'l Class: 30<br>First Use: Mar. 1, 2020<br>Filed: Feb. 04, 2022 | (Int'l Class: 30) Cookies |

18.      On December 4, 2023, the USPTO Examining Attorney assigned to review the '687 Application issued a Final Office Action requiring the Defendant amend the application to include a Disclaimer of exclusive rights to the wording "GOOD COOKIES" because it is merely descriptive of an ingredient, quality, characteristic, function, feature, purpose, or use of Defendant's goods. *See* **Exhibit A.**

19.      The descriptive wording "GOOD COOKIES" is not distinctive and will

Page 12

make little or no impression on consumers. Rather, "FRICK'N" is the dominant portion of Defendant's mark FRICK'N GOOD COOKIES and consumers will perceive it as having the most brand significance when confronted with Defendant's mark in commerce.

20.    Defendant's marketing emphasizes FRICK'N, as shown in the examples from Defendant's marketing below:



21.    Given the highly similar trademarks and identical nature of the goods at issue, on April 26, 2023, Fricker's sent a demand letter to Defendant outlining its concerns and asking Defendant to cease use of the mark FRICK'N GOOD COOKIES and forgo its efforts for federal registration. Fricker's offered Defendant

time to phase out use of FRICK'N GOOD COOKIES and transition to another mark. Defendant refused to cease use of the mark and continues to pursue federal registration of FRICK'N GOOD COOKIES.

22.     On information and belief, Defendant's FRICK'N GOOD COOKIES business has expanded.

23.     Defendant's marketing indicates FRICK'N GOOD COOKIES are sold in retail grocery stores, including Fresh Thyme – which on information and belief has 75 grocery stores in 11 states.

24.     Defendant's marketing also indicates FRICK'N GOOD COOKIES are sold in the University of Michigan's football stadium in Ann Arbor, Michigan.

25.     Defendant's FRICK'N GOOD COOKIES have received bad consumer reviews, including the reviews shown in **Exhibit B.**

26.     Defendant posted a marketing video on TikTok on August 6, 2023, indicating consumers have asked if FRICK'N GOOD COOKIES are actually chicken.

27.     Defendant's use of FRICK'N GOOD COOKIES is not authorized by Fricker's in any manner.

28.     Defendant's continued use of FRICK'N GOOD COOKIES is willful.

29.     Defendant's conduct has caused and will continue to cause irreparable injury to Fricker's goodwill and reputation, for which Fricker's has no adequate

remedy at law.

## COUNT I
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

30.     Fricker's incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

31.     Fricker's use of the federally registered FRICKIN' Marks predates any alleged first use by Defendant.

32.     Defendant's use of the mark FRICK'N GOOD COOKIES in connection with cookies and related goods and services is likely to deceive and cause confusion and mistake among consumers as to the source or origin of the goods provided or offered for sale by Defendant and the sponsorship or endorsement of those goods and services by Fricker's.

33.     Defendant's use of the FRICK'N GOOD COOKIES mark in connection with cookies and related goods and services is likely to deceive and cause confusion and mistake among consumers as to the source or origin of the goods and services provided by Fricker's and the sponsorship or endorsement of those goods by Defendant.

34.     Fricker's has never authorized, licensed, or otherwise condoned or consented to Defendant's use of the mark FRICK'N GOOD COOKIES.

35.     Defendant has misappropriated and continues to misappropriate Fricker's  substantial property rights in the FRICKIN' Marks, as well as the goodwill

Page 15

7165898.1

associated therewith.

36.     The acts of Defendant alleged above were committed willfully, with full knowledge of Fricker's rights and with the intention to deceive and mislead the public.

37.     The acts of Defendant alleged above were committed willfully, with full knowledge of Fricker's rights and with the intention of misappropriating and wrongfully trading upon the valuable goodwill and reputation of Fricker's and the FRICKIN' Marks.

38.     Defendant will continue its ongoing acts of trademark infringement, causing irreparable injury to Fricker's, unless such activities are enjoined by this Court.

39.     As a direct and proximate result of Defendant's unlawful activities, Fricker's has and continues to suffer damages in an amount that is not presently ascertainable, but will be determined at trial.

## COUNT II
## UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING (15 U.S.C. § 1125(A)(1))

40.     Fricker's incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

41.     Defendant's use of FRICK'N GOOD COOKIES in connection with cookies and related goods and services is likely to deceive and cause confusion

among consumers as to the source or origin of the goods and services provided or offered for sale by Defendant and the sponsorship or endorsement of those goods and services by Fricker's.

42. Fricker's has never authorized, licensed, or otherwise condoned or consented to Defendant's use of the FRICKIN' Marks or the FRICK'N GOOD COOKIES mark.

43. Defendant has misappropriated and continue to misappropriate Fricker's substantial property rights in the FRICKIN' Marks, as well as the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will permit Defendant to gain an unfair competitive advantage over Fricker's and allow Defendant to improperly interfere with Fricker's continued promotion and expansion of its business.

44. The acts of Defendant alleged above were committed willfully, with full knowledge of Fricker's rights and with the intention to deceive and mislead the public.

45. The acts of Defendant alleged above were committed willfully, with full knowledge of Fricker's rights and with the intention of misappropriating and wrongfully trading upon the valuable goodwill and reputation of Fricker's and the FRICKIN' Marks.

46. Defendant will continue its ongoing acts of trademark infringement,

7165898.1

causing irreparable injury to Fricker's, unless this Court enjoins such activities.

47.   As a direct and proximate result of Defendant's unlawful activities, Fricker's has and continues to suffer damages in an amount that is not presently ascertainable, but will be determined at trial.

## COUNT III
## MICHIGAN DECEPTIVE TRADE PRACTICES ACT (MICH. COMP. STAT. § 445.901 ET SEQ.)

48.   Fricker's incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

49.   Defendant, through its above-described conduct, has engaged in unlawful and unfair business practices within the meaning of the Michigan Consumer Protection Act, M.C.L.A. § 445.901 et seq. by causing a probability of confusion or misunderstanding as to the source, sponsorship, approval or certification of Defendant's goods and services, where there is a high probability consumers will believe Defendant's goods and services are provided by, sponsored by, endorsed by, or approved by, Fricker's.

50.   On information and belief, Defendant's conduct is calculated to increase its own business and profits by confusing members of the public, thereby allowing Defendant to misappropriate the valuable goodwill of the FRICKIN' Marks and unfairly compete with Fricker's under the laws of Michigan.

51.   Fricker's has suffered and will continue to suffer actual damages unless

7165898.1

Defendant's conduct is enjoined. Defendant's conduct in violation of MCL 445.903(1) entitles Fricker's to its reasonable attorney's fees pursuant to MCL 445.911. In addition, because Defendant's actions were, on information and belief, carried out intentionally, willfully, and/or deliberately in violation of Fricker's rights, an award of exemplary and/or punitive damages is justified.

**COUNT IV**
**COMMON LAW UNFAIR COMPETITION**

52.     Fricker's incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

53.     Fricker's and Defendant are competitors, both offering the same good and services.

54.     Defendant's actions as set forth herein are designed to unfairly compete with Fricker's and constitute unfair competition under the common law of the state of Michigan.

55.     Upon information and belief, Defendant has made and will continue to make substantial profits and gains that it is not entitled to in law or equity.

56.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

57.     Defendant's acts have damaged and will continue to damage Fricker's, and Fricker's has no adequate remedy at law.

7165898.1

## COUNT V
## COMMON LAW UNJUST ENRICHMENT

58.     Fricker's incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

59.     Benefits have been conferred upon Defendant by Defendant's unauthorized use of the FRICKIN' Marks. Defendant has received a benefit by avoiding the labor and expense of independently developing a source designating mark and the goodwill associated therewith.

60.     Defendant has appreciated, accepted, and retained these benefits.

61.     Upon information and belief, Defendant has further benefited by selling services they would not otherwise have been able to sell.  It is inequitable for Defendant to retain these benefits without the payment of value to Fricker's.

62.     Defendant has been unjustly enriched at Fricker's expense.

63.     Defendant's activities as described above constitute unjust enrichment under the common law of the State of Michigan.

## PRAYER FOR RELIEF

WHEREFORE, Fricker's prays that this Court enters judgment in its favor against Defendant as follows:

A.     That Fricker's rights in and to the FRICKIN' Marks are valid, enforceable, and have been infringed by Defendant;

B.     That Defendant has willfully infringed upon Fricker's rights;

7165898.1

C.     That Defendant, its agents, servants, employees, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

(1)     Using any of the FRICKIN' Marks or colorable imitations thereof and other designs, designations, and indicia, including but not limited to any name or mark containing the words "FRICKIN'", "FRICK'N" or any variations thereof, which are likely to cause confusion, mistake, or deception with respect to Fricker's rights;

(2)     Advertising under the FRICKIN' Marks or colorable imitations thereof, including the source code for any websites, or other designs, designations, and indicia which are likely to cause confusion, mistake, or deception with respect to Fricker's rights;

(3)     Informing customers or potential customers that Defendant is, or is affiliated with, Fricker's in any way;

(4)     Operating any domain name containing the words "FRICKIN'", "FRICK'N" or any variations thereof, which are likely to cause confusion, mistake, or deception with respect to Fricker's rights;

(5)     Using the designation "FRICKIN'", "FRICK'N" or any variations thereof within meta-tags for, or as html/source codes for, Defendant's websites, or buying key words for advertising online containing

"FRICKIN'", "FRICK'N" or any variations thereof, which are likely to cause confusion, mistake, or deception with respect to Fricker's rights; and

(6)     Otherwise infringing on Fricker's rights in the FRICKIN' Marks and competing unfairly with Fricker's.

(D)     Pursuant to 15 U.S.C. § 1118, that Defendant deliver to Plaintiff for destruction all infringing articles (including, without limitation, all labels, advertisements, promotional materials, and brochures) within its possession, custody, or control and immediately discontinue use of the infringing websites that bear the Defendant's mark or any other designation, symbol, or device that is confusingly similar to the FRICKIN' Marks.

(E)     Pursuant to 15 U.S.C. § 1117(a), MCL 445.911, and the common law, that Defendant be directed to account to Plaintiff for all gains, profits, and advantages derived from Defendant's wrongful acts.

(F)     Pursuant to 15 U.S.C. § 1117(a), that Plaintiff recovers from Defendant the greater of three times the amount of Defendant's profits or any damages sustained by Plaintiff, together with interest on such amount and the costs of this action.

(G)     Pursuant to MCL 445.911, that Plaintiff recovers from Defendant exemplary and/or punitive damages.

## DEMAND FOR JURY TRIAL

Fricker's hereby demands a jury trial for all issues so triable.

Date: December 11, 2023                    Respectfully submitted,

                                           EASTMAN & SMITH, LTD.

                               By: /s/ Jared J. Lefevre
                                   Jared J. Lefevre, Esq. (P74615)
                                   Carrie A. Johnson, Esq.
                                   One SeaGate, 27th Floor
                                   Toledo, Ohio 43604
                                   (419) 241-6000
                                   jjlefevre@eastmansmith.com
                                   cajohnson@eastmansmith.com

                                   *Attorneys for Plaintiff Fricker's
                                   Progressive Concepts, Inc.*

7165898.1