UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRICKER'S PROGRESSIVE
CONCEPTS, INC., d/b/a
FRICKER's,

     Plaintiff,

v.

FRICK INVESTMENTS, LLC,
d/b/a FRICK'N GOOD
COOKIES,


     Defendant.

_____/

Case No. 2:23-cv-13149
Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

**STIPULATED**
**PROTECTIVE ORDER**

     The parties to this Stipulated Protective Order have agreed to the terms of this

Order, and the Court has determined that the terms set forth herein are appropriate to

protect the respective interests of the parties, the public, and the Court. Accordingly,

it is ORDERED:

     1.    **Scope.** All documents produced in the course of discovery, including

initial disclosures, all responses to discovery requests, all deposition testimony

and exhibits, other materials which may be subject to restrictions on disclosure

for good cause and information derived directly therefrom (hereinafter

7355846.1

collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    **Form and Timing of Designation.**  A party may designate documents as confidential and restricted in disclosure under this Order by conspicuously placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY designation.  Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY prior to or at the time of the production or disclosure of the documents.  When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS' EYES ONLY, the physical media on which such electronically stored information is

2

produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or ATTORNEYS' EYES ONLY, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS' EYES ONLY, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**3.     Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a

7355846.1

good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, financial information, proprietary information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available.  Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

4.      **Documents Which May be Designated ATTORNEYS' EYES ONLY.** Any party, or any third party subpoenaed by one of the parties, may designate as "ATTORNEYS' EYES ONLY" and subject to this Protective Order any materials or information that meet the test set forth in Paragraph 3 above, but as to which the party producing the information also asserts in good faith that the information is so sensitive that the receipt of the information by parties to the Litigation would be likely to result in substantial competitive injury to, or disclose the personal information of, the party producing the information.

5.      **Depositions.**  Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY only if designated as such.  Such designation shall be specific as to the portions of the

4

transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY, pending objection, under the terms of this Order.

6.    **Protection of Confidential Material.**

(a)    **General Protections.** Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in 6(b) for any purpose whatsoever, other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b)    **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated

5

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

(1)     **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

(2)     **Parties.** Parties and employees of a party to this Order;

(3)     **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(4)     **Consultants, Investigators, and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(5)     **The Court and its staff**. and

(6)     **Others by Consent.** Other persons only by written consent of the producing party or upon order of the

6

Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c)     **Control of Documents.**  Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL – SUBJECTIVE TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

(d)     **Copies.**  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be conspicuously affixed with the designation "CONFIDENTIAL

7

- SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

    **(e)**    **Inadvertent Production.**  Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

**7.**    **Protection of Attorneys' Eyes Only Material.**

    **(a)**    **General Protections.**  Documents designated ATTORNEYS' EYES ONLY under this Order shall not be used or disclosed by counsel for the parties, or any other persons identified in 7(b) for any purpose whatsoever, other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

8

**(b)**    **Limited Third-Party Disclosures.**  Counsel for the parties shall not disclose or permit the disclosure of any ATTORNEYS' EYES ONLY documents to any person or entity except as set forth in subparagraphs (1)-(5).  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS' EYES ONLY:

**(1)**    **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

**(2)**    **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(3)**    **Consultants, Investigators, and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding (other than a person who is an employee, officer, director, or owner in any capacity of a party), but only after such persons have completed the certification contained in

9

Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    **(4)**    **The Court and its staff**. and

    **(5)**    **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

    **(c)**    **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as ATTORNEYS' EYES ONLY pursuant to the terms of this Order. Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

    **(d)**    **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions

7355846.1

(hereinafter referred to collectively as "copies") of documents designated as ATTORNEYS' EYES ONLY under this Order, or any individual portion of such a document, shall be conspicuously affixed with the designation "ATTORNEYS' EYES ONLY" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e)   **Inadvertent Production.**  Inadvertent production of any document or information without a designation of "ATTORNEYS' EYES ONLY" shall be addressed in the same manner that inadvertent disclosure of privileged matter is addressed by Fed. R. Evid. 502.

**8.    Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal.**

Documents may not be filed under seal except as authorized by a statute, rule,

7355846.1

or order of this Court. *See* Local Rule 5.3.  Neither this Stipulated Protective Order

nor any other sealing order constitutes blanket authority to file entire documents under

seal.  Only confidential portions of relevant documents are subject to sealing. The

parties shall follow the procedures outlined in the local rules and the judge's protocols

in seeking to file documents under seal and, where permitted, in filing documents

under seal.

Any and all documents that may have been subject to sealing during discovery

or motion practice will not enjoy a protected or confidential designation if the matter

comes on for hearing, argument, or trial in the courtroom.  The hearing, argument,

or trial will be public in all respects.

**9.**      **Challenges by a Party to Designation as Confidential.** Any

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS'

EYES ONLY designation is subject to challenge by any party or non-party with

standing to object (hereafter, collectively, "party").  The burden shall be on the

designating party to show why the designation is justified. Before filing any motions

or objections to a confidentiality designation with the Court, the objecting party shall

have an obligation to meet and confer in a good faith effort to resolve the objection

by agreement.  If agreement is reached waiving the CONFIDENTIAL - SUBJECT

12

7355846.1

TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY designation as to any documents subject to the objection, the parties shall cooperate in preparing and executing a written agreement specifying the documents and the nature of the agreement.

10.     **Action by the Court.**  Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

11.     **Use of Confidential Documents or Information at Trial.**  All trials are open to the public.  Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial.  If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY documents or information derived therefrom, such party shall provide advance notice to the other party at least five

(5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12.   Obligations on Conclusion of Litigation.**

    **(a)   Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **(b)   Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY Documents.**

    Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY under this Order, including copies as defined herein, shall be permanently destroyed and deleted upon the

14

request of the producing party, unless the document has been offered into evidence  or filed without restriction as to disclosure, and the receiving party shall certify in writing to the producing party that such destruction  has  been  completed.  Notwithstanding  the  above requirements to destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY, so long as that work product does not duplicate  verbatim  substantial  portions  of  the  text  or  images  of confidential documents.  This work product  shall continue to be CONFIDENTIAL - SUBJECT  TO  PROTECTIVE  ORDER  or ATTORNEYS' EYES ONLY under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does  not  disclose  or  use  CONFIDENTIAL  -  SUBJECT  TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY documents.

     **(c)**     **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy

7355846.1

documents filed or offered at trial under seal or otherwise restricted by

the Court as to disclosure.

13.    **Order Subject to Modification.** This Order shall be subject to

modification by the Court on its own motion or on motion of a party. Motions to

modify this Order shall be served and filed under Local Rule 7.1 and the presiding

judge's standing orders or other relevant orders.

14.    **No Prior Judicial Determination.** This Order is entered based on the

representations and agreements of the parties and for the purpose of facilitating

discovery. Nothing herein shall be construed or presented as a judicial

determination that any documents or information designated CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY by

counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules

of Civil Procedure or otherwise until such time as the Court may rule on a specific

document or issue.

15.    **Persons Bound.** This Order shall take effect when entered and shall be

binding upon all counsel and their law firms, the parties, and persons made subject

to this Order by its terms.

**SO ORDERED.**

16

7355846.1

Dated: March 28, 2024                s/ Paul D. Borman
                                     Paul D. Borman
                                     United States District Judge

**WE SO STIPULATE and agree to abide by the terms of this Order.**

*/s/ Jared J. Lefevre*
EASTMAN & SMITH LTD.
Jared J. Lefevre (P74615)
Carrie A. Johnson (OH 88882)
One Seagate, 27th Floor
P.O. Box 10032
Toledo, OH 43699-0032
Telephone: (419) 241-6000
Fax: (419) 247-1777
Email: jjlefevre@eastmansmith.com
        cajohnson@eastmansmith.com
Attorneys for Fricker's Progressive
Concepts, Inc. d/b/a Fricker's


*/s/ Maxwell J. Goss* (per email consent)
Maxwell J. Goss (P78594)
2701 Cambridge Ct., Ste 100
Auburn Hills, MI 48326
Telephone: (248) 266-5879
Email: max@maxwellgoss.com

17

7355846.1

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRICKER'S PROGRESSIVE
CONCEPTS, INC., d/b/a
FRICKER's,

     Plaintiff,

v.

FRICK INVESTMENTS, LLC,
d/b/a FRICK'N GOOD
COOKIES,

     Defendant.

_____/

Case No. 2:23-cv-13149
Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

**ACKNOWLEDGMENT
AND AGREEMENT TO BE
BOUND**

     The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Michigan in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS'

7355846.1

EYES ONLY in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____    _____
              Signature

19

7355846.1